IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-34-FL
No. 7:12-CV-230-FL

| BOBBY RAY HUNT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 53), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 56, 58), to which petitioner has responded. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court directs further briefing.

**BACKGROUND**

Petitioner pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On January 6, 2010, petitioner was sentenced to a term of 180 months imprisonment. In calculating the sentence, petitioner was subjected to a statutory minimum penalty of 180 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), on the basis that he had three previous convictions for a violent felony or a serious drug offense. Petitioner appealed and the court of appeals affirmed his conviction on December 8, 2010. On August 13, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence

enhancement as an armed career criminal was erroneous in light of Simmons. The government contends that petitioner's motion is without merit because petitioner would still be sentenced as an armed career criminal following Simmons.

**DISCUSSION**

A. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal quotations omitted).

B. Analysis

The Armed Career Criminal Act imposes a minimum sentence of fifteen years if a defendant has three prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). The term "serious drug offense" means, in pertinent part, a drug offense under state law "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A). A "violent felony" includes "burglary, arson, or extortion." § 924(e)(2)(B).

Petitioner's presentence report identified four prior convictions as qualifying predicate convictions for purposes of the Armed Career Criminal Act. The presentence report includes the following information about these convictions:

2

1.	Burning of an Uninhabited House (F) – 80CRS25320 – Robeson County Superior Court, Lumberton, NC – <u>02/24/1981</u>: Pled guilty - 10 to 20 years custody . . . .

2.	1) Possess With Intent to Sell or Deliver a Controlled Substance (LSD) (F) – 80CRS23589 – 2) Possession With Intent to Sell or Deliver a Controlled Substance (F) (3 counts) – 3) Sell and Deliver a Controlled Substance (F) (2 counts) – 80CRS23590, 80CRS23591, and 80 CRS24194 – Robeson County Superior Court, Lumberton, NC – <u>02/05/1981</u>: Pled guilty 1) 5 years custody, consecutive to 80CRS23590, 80CRS23591, and 80CRS24194 – 2 and 3) 2 to 4 years custody . . . .

3.	Possession With Intent to Sell and Deliver Cocaine (F) – Sell or Deliver Cocaine (F) – 87CRS9451 – Robeson County Superior Court, Luberton, NC – <u>09/29/1987</u>: Pled guilty – 5 years custody, suspended, 4 years probation . . . .

4.	Possession With Intent to Sell and Deliver Cocaine (F) Sell or Deliver Cocaine (F) – 88 CRS2607 – Possession with Intent to Sell and Deliver Marijuana (F) Sell or Deliver Marijuana (F) – 88CRS2609 – Robeson County Superior Court, Lumberton, NC – <u>12/05/1988</u>: Pled guilty – 10 years custody . . . .

(Presentence report, DE 32, Sealed, at ¶¶ 10, 12, 15, 19).[1]

Pursuant to <u>Simmons</u>, "in evaluating whether a defendant's prior state conviction qualifies as a felony under the [Armed Career Criminal Act], the actual sentence imposed is irrelevant; rather the relevant inquiry is whether the actual defendant was subject to a potential sentence" meeting the minimum requirements for the Armed Career Criminal Act. <u>United States v. Thompson</u>, 480 F. App'x 201, 204 (4th Cir. 2012). "Thus, following <u>Simmons</u>, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have received a sentence" meeting the requirements under the Armed Career Criminal Act. <u>Id.</u>

---

[1] In noting application of the Armed Career Criminal Act enhancement the presentence report states "[p]ursuant to the convictions in paragraphs 11, 13, 16 and 20, the defendant is an armed career criminal." (Presentence report, ¶ 50). It is evident that the presentence report made a clerical error in reference to these paragraph numbers, which are off by exactly one number in each instance from those identified above. This is because the convictions in paragraphs 11, 13, 16, and 20 are each expressly noted as misdemeanors and thus could not possibly qualify under § 924(e).

Petitioner does not dispute that his arson conviction meets the requirement of a violent felony under the Armed Career Criminal Act. "Burning of an Uninhabited House" describes an offense of "arson," which, coupled with his sentence of ten (10) years custody, qualifies as a "violent felony" under § 924(e)(2)(B). The issue presented for the court, rather, is whether at least two of the three remaining drug convictions meet the ten (10) year minimum sentence requirement to qualify as a "serious drug offense" under the Armed Career Criminal Act.

According to the presentence report, petitioner was sentenced for the predicate drug convictions in 1981, 1987, and 1988. For each of these convictions, petitioner was sentenced pursuant to a statutory scheme predating the North Carolina Structured Sentencing Act, effective October 1994, which was the subject of the statutory analysis in Simmons, 649 F.3d at 240. The court thus considers in turn the sentencing scheme in place at the time of petitioner's three predicate drug offenses.

For the February 24, 1981, conviction, petitioner was sentenced during a time in which "[t]he accepted rule in North Carolina . . . was that within the limits of the sentence permitted by statute the extent of punishment is a matter committed to the sound discretion of the trial judge, and reviewable only upon a showing of gross abuse of discretion." State v. Thompson, 310 N.C. 209, 216-17 (1984) overruled on other grounds by State v. Vandiver, 321 N.C. 570 (1988). Before enactment of structured sentencing legislation effective in July 1981, "the sentencing range ordinarily could be determined simply by reference to the statute defining the offense." State v. Lopez, 363 N.C. 535, 539 (2009).

According to the presentence report, petitioner pled guilty on February 5, 1981, to three separate felony offenses: (1) possession with intent to sell or deliver a controlled substance,

4

identified as a quantity of LSD, (2) possession with intent to sell or deliver a controlled substance, identified as a quantity of marijuana, and (3) sell and deliver a controlled substance, identified as marijuana. At the time of these convictions, North Carolina law provided that it was unlawful for any person to possess with intent to deliver, or to sell or deliver, a controlled substance, and the law provided "a term of imprisonment of not more than five years" for each offense. State v. McGill, 296 N.C. 564, 567 n.1 (1979) (quoting N.C. Gen. Stat. 90-95(a)(2) (1979)). Accordingly, because petitioner could not have been subjected to a term of imprisonment in excess of five (5) years for his 1981 offenses, they do not properly serve as predicates for the Armed Career Criminal enhancement.

As for the 1987 and 1988 convictions, petitioner was sentenced pursuant to North Carolina's Fair Sentencing Act, North Carolina's statutory scheme in place from July 1, 1981, to October 1, 1994. With respect to sentencing procedures, the Fair Sentencing Act provided, in pertinent part, that:

> If the judge imposes a prison term, whether or not the term is suspended, . . . he must impose the presumptive term provided in this section unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term, or unless he imposes a prison term pursuant to any plea arrangement as to sentence under Article 58 of this Chapter.

State v. Ahearn, 307 N.C. 584, 594-95 (1983) (quoting N.C. Gen. Stat. § 15A-1340.4). "The Fair Sentencing Act [was] an attempt to strike a balance between the inflexibility of a presumptive sentence which insures that punishment is commensurate with the crime, without regard to the nature of the offender; and the flexibility of permitting punishment to be adapted, when appropriate, to the particular offender." Id. at 596. Under the Fair Sentencing Act, a sentencing judge had "discretion to increase or reduce sentences from the presumptive term upon findings of aggravating

5

or mitigating factors, the weighing of which is a matter within their sound discretion." Id. at 597. "[U]pon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remain[ed] within the trial judge's discretion." Id.

Under Simmons, the court must consider the potential applicability of the presumptive sentencing range and aggravated sentencing range for the convictions for which petitioner was sentenced under the Fair Sentencing Act. See Simmons, 649 F.3d at 240 ("The presumptive range governs unless the judge makes written findings that identify specific factors . . . that permit a departure to the aggravated or mitigated range.").

At the time of sentencing under the Fair Sentencing Act, petitioner's 1987 and 1988 drug offenses were categorized as Class H felonies. See N.C. Gen. Stat. § 90-95 (1987). "[P]ursuant to [the Fair Sentencing Act], the presumptive sentence for a Class H felony was three years in prison, with a maximum sentence of ten years." Thompson, 480 F. App'x at 204 (citing State v. Lawrence, 193 N.C. App. 220 (2008)). As noted above, in order to have been subjected to a sentence above the presumptive sentence range of three years in prison, the sentencing judge either was required to impose a term pursuant to a "plea arrangement as to sentence" or make findings of aggravating sentencing factors allowing a sentence up to a maximum of ten years. Ahearn, 307 N.C. at 597.

Based upon the information in the presentence report, for the 1988 conviction, petitioner pled guilty and was sentenced to ten (10) years custody. (Presentence Report at ¶19). Because petitioner received a term of imprisonment exceeding the presumptive range of three (3) years, it follows that the sentencing judge either made findings allowing a sentence up to a maximum of ten (10) years

6

and/or imposed a term pursuant to a plea agreement as to a sentence of ten (10) years. See Ahearn, 307 N.C. at 597. In either event, petitioner was subject to a term of imprisonment of ten (10) years custody. Accordingly, the 1988 conviction properly serves as an Armed Career Criminal Act predicate offense.

For the 1987 conviction, by contrast, petitioner "pled guilty," and was sentenced to five (5) years custody, suspended, which he then served upon revocation of probation. (Id. at ¶15). As with the 1988 conviction, because petitioner received a term of imprisonment exceeding the presumptive range of three (3) years, it is possible that the sentencing judge either made findings allowing a sentence up to a maximum of ten (10) years or imposed the five (5) year term pursuant to a plea agreement. See Ahearn, 307 N.C. at 597. If the sentencing judge made findings allowing a sentence up to a maximum of ten (10) years, then under Simmons, petitioner's 1987 conviction qualified as a predicate conviction under the Armed Career Criminal Act.

If, however, petitioner's 1987 conviction was imposed following a guilty plea, as petitioner suggests, the potential sentence he could have received was limited by the terms of a plea agreement. This argument raises two issues that cannot be resolved adequately under the present record.

First, petitioner raises a factual issue: whether he was in fact sentenced for his 1987 conviction on the basis of a prison term specified in a "plea arrangement as to sentence," see Ahearn, 307 N.C. at 597, in accordance with the provisions of the North Carolina Fair Sentencing Act. Neither the petitioner nor the government provides a copy of the state court judgment for petitioner's 1987 conviction, and the presentence report is inconclusive. Simmons suggests that consultation of the state court judgment or plea documentation may be determinative of the qualification of a predicate offense. See 649 F.3d at 243 ("[W]hen a judgment of conviction,

7

charging document, or plea colloquy 'do[es] not show that the defendant faced the possibility of a recidivist enhancement, it may well be that *the Government will be precluded from establishing that a conviction was for a qualifying offense*.'") (emphasis provided by Simmons, quoting United States v. Rodriquez, 553 U.S. 377, 389 (2008)).

Second, petitioner raises a legal issue: assuming he was sentenced on the basis of a prison term of five (5) years specified in a plea arrangement as to sentence, under the terms of the North Carolina Fair Sentencing Act, whether this conviction can then qualify as an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law," § 924(e)(2)(A), in accordance with the statutory analysis in Simmons. Simmons does not address the impact of a plea arrangement under the North Carolina Fair Sentencing Act, and this court has identified no decision addressing the same. While the government suggests in its brief that Simmons does not apply to convictions under the Fair Sentencing Act, this argument is undermined by Thompson, which applied Simmons to determine whether prior convictions under the Fair Sentencing Act qualified as predicates for an Armed Career Offender enhancement. See Thompson, 480 F. App'x at 204.

Due to the unresolved issues presented by petitioner, the court will direct the Federal Public Defender to enter an appearance again on behalf of petitioner, and to submit a brief on the two issues enumerated above, within twenty-eight (28) days from the date of this order. The government may file a response, if any, within fourteen (14) days from the date of any brief filed by petitioner.

## CONCLUSION

For the foregoing reasons, the court hereby DIRECTS the Federal Public Defender to enter an appearance again on behalf of petitioner, and to submit a brief on the two issues enumerated herein, within twenty-eight (28) days from the date of this order. The government may file a response, if any, within fourteen (14) days from the date of any brief filed by petitioner.

SO ORDERED, this 6th day of February, 2014.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge