IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-34-FL
No. 7:12-CV-230-FL

BOBBY RAY HUNT,                          )
                                         )
                Petitioner,              )
                                         )
        v.                               )            **ORDER**
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                Respondent.              )

This matter comes before the court upon additional briefing directed by the court on

February 6, 2014, regarding petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence (DE 53), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and

the government's motion to dismiss (DE 56, 58).  Petitioner, through appointed counsel, filed a

memorandum addressing issues raised in the court's February 6, 2014, order, and the government

filed a response in opposition.  In this posture, the matter is ripe for ruling. For the reasons stated

below, the court denies petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§

922(g)(1) and 924.  On January 6, 2010, petitioner was sentenced to a term of 180 months

imprisonment.  In calculating the sentence, petitioner was subjected to a statutory minimum penalty

of 180 months imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(e)(1), on the basis that he had three previous convictions for a violent felony or a serious drug

offense.  Petitioner appealed and the court of appeals affirmed his conviction on December 8, 2010.

United States v. Hunt, 403 F. App'x 837 (4th Cir. 2010). On August 13, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement as an armed career criminal was erroneous in light of Simmons. The government contends that petitioner's motion is without merit because Simmons does not apply here, and because petitioner would still be sentenced as an armed career criminal following Simmons.

## DISCUSSION

### A. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal quotations omitted).

### B. Analysis

The ACCA imposes a minimum sentence of fifteen years if a defendant has three prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). The term "serious drug offense" means, in pertinent part, a drug offense under state law "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A). A "violent felony" includes, in pertinent part, a crime "punishable by imprisonment for a term exceeding one year" where the crime is "burglary, arson, or extortion." § 924(e)(2)(B).

2

Petitioner's presence report identified four prior convictions as qualifying predicate convictions for purposes of the ACCA. The presence report includes the following information about these convictions:

1.       Burning of an Uninhabited House (F) – 80CRS25320 – Robeson County Superior Court, Lumberton, NC – <u>02/24/1981</u>: Pled guilty - 10 to 20 years custody . . . .

2.       1) Possess With Intent to Sell or Deliver a Controlled Substance (LSD) (F) – 80CRS23589 – 2) Possession With Intent to Sell or Deliver a Controlled Substance (F) (3 counts) – 3) Sell and Deliver a Controlled Substance (F) (2 counts) – 80CRS23590, 80CRS23591, and 80 CRS24194 – Robeson County Superior Court, Lumberton, NC – <u>02/05/1981</u>: Pled guilty 1) 5 years custody, consecutive to 80CRS23590, 80CRS23591, and 80CRS24194 – 2 and 3) 2 to 4 years custody . . . .

3.       Possession With Intent to Sell and Deliver Cocaine (F) – Sell or Deliver Cocaine (F) – 87CRS9451 – Robeson County Superior Court, Luberton, NC – <u>09/29/1987</u>: Pled guilty – 5 years custody, suspended, 4 years probation . . . .

4.       Possession With Intent to Sell and Deliver Cocaine (F) Sell or Deliver Cocaine (F) – 88 CRS2607 – Possession with Intent to Sell and Deliver Marijuana (F) Sell or Deliver Marijuana (F) – 88CRS2609 – Robeson County Superior Court, Lumberton, NC – <u>12/05/1988</u>: Pled guilty – 10 years custody . . . .

(Presentence report, DE 32, Sealed, at ¶¶ 10, 12, 15, 19).[1]

The court's present analysis benefits from the additional argument in the parties' memoranda, as well as the state court documents attached to petitioner's memorandum, filed as directed by the court's February 6, 2014, order. Petitioner concedes that his arson conviction meets the requirement of a violent felony under the ACCA. Petitioner also concedes that his 1988

---

[1] In noting application of the Armed Career Criminal Act enhancement the presentence report states "[p]ursuant to the convictions in paragraphs 11, 13, 16 and 20, the defendant is an armed career criminal." (Presentence report, ¶ 50). It is evident that the presentence report made a clerical error in reference to these paragraph numbers, which are off by exactly one number in each instance from those identified above. This is because the convictions in paragraphs 11, 13, 16, and 20 are each expressly noted as misdemeanors and thus could not possibly qualify under § 924(e).

conviction meets the requirement of a serious drug offense under the ACCA. The court previously determined in its February 6, 2014, order that petitioner's 1981 drug convictions did not meet the requirement of a serious drug offense under the ACCA. Therefore, issue remaining for decision is whether petitioner's 1987 conviction meets the requirement of a serious drug offense under the ACCA. If it does, petitioner's sentence was correct. If it does not, petitioner's sentence must be vacated.

The government raises as a threshold issue whether <u>Simmons</u> applies to the determination that a conviction meets the requirement of a serious drug offense under the Armed Career Criminal Act. In its February 6, 2014, order, the court cited <u>United States v. Thompson</u>, 480 F. App'x 201 (4th Cir. 2012), for the proposition that, "following <u>Simmons</u>, 'in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather the relevant inquiry is whether the actual defendant was subject to a potential sentence' meeting the minimum requirements for the Armed Career Criminal Act." February 6, 2014 Order at 3 (quoting <u>Thompson</u>, 480 F. App'x at 204). And, the court noted that "'following <u>Simmons</u>, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have received a sentence' meeting the requirements under the Armed Career Criminal Act." <u>Id.</u> (quoting <u>Thompson</u>, 480 F. App'x at 204).

The government now urges the court to distinguish <u>Thompson</u> on the basis that <u>Thompson</u> only addressed for its holding the definition of "violent felony," rather than the definition of "serious drug offense," under the Armed Career Criminal Act. Because the statutory definition of "violent felony" is materially different, the government argues, from the statutory definition of "serious drug offense," <u>Simmons</u> does not apply to whether a prior conviction counts as a "serious drug offense."

4

The Fourth Circuit did not address this distinction in <u>Thompson</u>, and the court limited its discussion of <u>Simmons</u> to the determination of whether the defendant was convicted of a "violent felony," particularly "any crime punishable by a term of imprisonment exceeding one year." <u>Thompson</u>, 480 Fed. Appx. at 204. The court's discussion of its holding confirms the limitation of its analysis:

> Pursuant to <u>Simmons</u>, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to <u>a potential sentence of greater than one year of imprisonment.</u> Thus, following <u>Simmons</u>, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, <u>could have received a sentence in excess of one year for the offense</u>.

<u>Id.</u> (emphasis added). To the extent the court's February 6, 2014, order suggests that this passage in <u>Thompson</u> applied both to a prior conviction for a "violent felony" and a prior conviction for a "serious drug offense," this was in error, and the court corrects its prior order to eliminate this suggestion.

In <u>Simmons</u>, the court construed a provision of the Controlled Substances Act that mandates a term of imprisonment of at least ten years for offenders who engage in offense conduct "after a prior conviction for a felony drug offense," defined in the statute as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State." <u>Simmons</u>, 649 F.3d at 239 (quoting 21 U.S.C. § 841(b)(1)(B)(vii) and § 802(44)). As noted above, the ACCA includes similar language in defining a "violent felony," but the ACCA uses different language in defining "serious drug offense." Thus, the holding in <u>Simmons</u>, which turned on analysis of the statutory phrase "punishable by imprisonment for more than one year under any law," is not applicable to whether petitioner's 1987 conviction meets the statutory definition of "serious drug offense" "for which a maximum term of imprisonment of ten years or more is prescribed by law."

5

§ 924(e)(2)(A).

Neither petitioner nor the government cite any Fourth Circuit case squarely addressing whether the reasoning in <u>Simmons</u> could apply to the statutory definition of "violent felony." In addressing ACCA enhancements based upon serious drug offenses, the Supreme Court, as well as and the Fourth Circuit post-<u>Simmons</u>, have not required consideration whether a particular defendant in light of a presumptive range of imprisonment was subject to a particular maximum term of imprisonment for a North Carolina Fair Sentencing act conviction. For example, in <u>McNeill v. United States</u>, 131 S.Ct. 2218 (2011), the Supreme Court addressed a defendant's challenge to designation as an armed career criminal based on North Carolina drug offenses committed between 1991 and 1994. The Supreme Court held that under the North Carolina Fair Sentencing Act, the defendant's convictions carried a "maximum sentence [of] . . . 10 years in prison," and, therefore, were "'serious drug offenses' within the meaning of the ACCA." <u>McNeill</u>, 131 S.Ct. at 2224.[2]

In <u>United States v. Montford</u>, 458 Fed. Appx. 300 (4th Cir. 2011), the Fourth Circuit affirmed a sentence under the ACCA, based on North Carolina drug convictions under the Fair Sentencing Act, where a defendant received eight-year prison terms. The court did not look to the underlying judgments to determine whether the sentencing court had made requisite findings of aggravating factors or whether the defendant's sentences were pursuant to a plea agreement. Instead, citing <u>McNeill</u>, the court recognized "for purposes of determining whether a prior state drug-trafficking conviction qualifies as a serious drug offense for armed career criminal purposes, the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum

---

[2] In <u>McNeill</u>, the defendant "in fact received 10-year sentences" for his drug convictions. Thus, <u>McNeill</u> does not squarely address the issue presented here, whether the court must consider maximum term of imprisonment that a particular defendant faced, where he in fact received a sentence under the statutory maximum, following a guilty plea.

6

sentence applicable to his offense when he was convicted of it." Montford, 458 Fed. Appx. at 302 (quoting McNeill, 131 S.Ct. at 2220). Montford thus suggests that the reasoning in Simmons does not apply to the qualification of a serious drug offense for purposes of the ACCA.

In light of the difference in statutory language between the definition of "violent felony" and "serious drug offense," coupled with the limitation of analysis in Simmons and Thompson to the term "punishable by imprisonment for more than one year," the court is constrained to view the ten-year statutory maximum penalty as determinative in concluding that petitioner's 1987 conviction qualifies as a "serious drug conviction" under the ACCA. Because the North Carolina Fair Sentencing Act proscribed a ten-year statutory maximum penalty for petitioner's 1987 offense of conviction, that conviction qualifies as a "serious drug conviction" under the ACCA.

Nevertheless, even assuming the reasoning of Simmons applies, the documents submitted in this case confirm that the state court was not limited by a presumptive range or a plea arrangement in sentencing petitioner for the 1987 offense. The judgment for the 1987 conviction states that petitioner pled guilty to possession with intent to distribute marijuana and to sale and delivery of cocaine, a class H felony, carrying maximum term of ten years, and a presumptive range of three years. The judgment then states that petitioner's sentence is for a term of five years, suspended. An accompanying transcript of plea the transcript of plea states that petitioner did not agree to plead guilty "as part of a plea arrangement." (DE 70-1 at p. 4). There are no written findings of aggravating or mitigating factors included with the judgment, and check boxes for indicating whether or not such findings are required or attached are left blank. (Id. at p. 2).

As the court noted previously in its February 6, 2014, order, the Fair Sentencing Act provided, in pertinent part, that:

> If the judge imposes a prison term, whether or not the term is suspended, . . . he must impose the presumptive term provided in this section unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term, or unless he imposes a prison term pursuant to any plea arrangement as to sentence under Article 58 of this Chapter.

State v. Ahearn, 307 N.C. 584, 594-95 (1983) (quoting N.C. Gen. Stat. § 15A-1340.4). Under the Fair Sentencing Act, a sentencing judge had "discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, the weighing of which is a matter within their sound discretion." Id. at 597 (quotations omitted). "[U]pon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remain[ed] within the trial judge's discretion." Id. (quotations omitted).

In this case, because the sentencing court sentenced petitioner to a term of five years, it must have considered the sentence within the discretionary range above the presumptive range of three years. Moreover, because the plea agreement states there was no plea arrangement as to sentence, there is no indication that the sentencing court considered itself limited in its discretion by the terms of a plea arrangement.

To the extent the sentencing court erred in not making or referencing written findings of aggravating factors, such error is not determinative of the present analysis that the conviction qualifies under the ACCA. Whether a the conviction may qualify under the ACCA is not dependent on whether it would have been free from challenge on appeal or collateral attack by virtue of a constitutional or other statutory error. See Custis v. United States, 511 U.S. 485, 490-91 (1994) ("The [ACCA] focuses on the fact of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be

8

counted."). In this case, it suffices that the sentencing court was not constrained by the presumptive imprisonment range in sentencing petitioner. Under the reasoning of Simmons, the petitioner faced a maximum term of imprisonment in the discretion of the sentencing court, up to the maximum ten-year penalty, qualifying the conviction as one "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

In sum, petitioner's 1987 conviction qualified as a ACCA predicate offense either because the offense was subject to a ten year maximum term or because petitioner faced at the time of his conviction a sentence up to the ten year maximum term, in the discretion of the sentencing court. Accordingly, because petitioner has three qualifying predicate convictions for the ACCA enhancement (comprising the 1981 arson conviction, the 1987 drug conviction, and 1988 drug conviction) petitioner's motion to vacate or correct sentence must be denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether, in light of Simmons, petitioner's 1987 drug conviction properly qualified as a predicate conviction for petitioner's ACCA enhancement.

9

**CONCLUSION**

Based on the foregoing, the government's motion to dismiss (DE 56, 58) is GRANTED petitioner's motion to vacate (DE 53) is DENIED, and the clerk is directed to close this case. A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 5th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

10